**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**UNITED STATES OF AMERICA**                                                                      **PLAINTIFF**

**v.**                        **CIVIL ACTION NO. 3:09cv802-TSL-MTP**

**73.92 ACRES OF LAND, et al.**                                                  **DEFENDANTS**

**ORDER**

Presently before the Court is the [135] Motion of Annandale Investors, LP, Reunion, Inc., and Cypress Brake Properties, LP ("Landowners") to Compel Plaintiff to Produce Witness for Deposition. Having reviewed the motion, the [166] response, and the [167] reply, as well as all matters made a part of the record of this case and the applicable law, the Court finds that the motion is not well taken and should be denied.

In this condemnation action, Landowners desire to depose Douglas Wright, a former attorney with the Department of Justice who was counsel of record for Plaintiff until his [59] withdrawal in October 2010. The authority urged by Landowners in support of their motion is Fed. R. Civ. P. 26(b)(4), but they and Plaintiff spend the bulk of their legal arguments on the standard for taking the deposition of a party's attorney. The Court finds that "the issues raised in the . . . motion[] ... are resolved by the plain language of Rule 26 . . .". *Estate of William I Allison v. Vince Scoggins, P.A.*, 2011 WL 650383, at *1 (W.D. N.C. Feb. 10, 2011).[1]

---

[1] As Landowners allude, Fed. R. Civ. P. 26 was amended effective December 1, 2010. The instant case was filed December 30, 2009. Since it does not address Rule 26, Plaintiff does not touch upon the applicability of Fed. R. Civ. P. 26(b)(4). However, "[t]he Court believes it is just and practicable to apply the 2010 amendments to this case." *Daugherty v. American Express Co.*, 2011 WL 1106744, at *5 (W.D. Ky. Mar. 23, 2011) (case commenced in 2008). Despite the Plaintiff's silence, the Court finds, as discussed herein, that other amended provisions of Fed. R. Civ. P. 26 effective at the same time, when read in conjunction with 26(b)(4), do not afford

"Rule 26 creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product, given to testifying experts . . . The new amendments to Rule 26, however, limit the amount of disclosure: . . ." *Daugherty*, 2011 WL 1106744, at *4 (internal quotation and citation omitted). The "bright-line" language is also used in the recent decision of *Sara Lee Corp. v. Kraft Foods, Inc.*, 273 F. R. D. 416 (N.D. Ill. 2011):

> First, a review of the standards for discovery relating to testifying experts. In 1993, Rule 26(a)(2)(B) was amended to require a testifying expert to produce a written report setting forth a complete statement of the expert's opinions, as well as "the data and other information considered by the witness in forming the opinions." Many courts interpreted the rule as establishing a "bright-line" approach that required disclosure of all attorney-expert communications, including "otherwise protected work product and attorney-client communications" if the expert "read or reviewed the privileged materials before or in connection with formulating his or her opinion." . . . Such broad expert discovery carried with it several unfortunate consequences. It increased discovery costs and impeded effective communication between attorneys and their experts, sometimes even inducing parties to retain two separate sets of experts–one for consultation and another to testify. Fed. R. Civ. P. 26 advisory committee's note (2010 Amendments).

*Id.* at 419 (case citations omitted).

Therefore, "[i]n December 2010, Rule 26 was amended to address the undesirable effects of routine discovery into attorney-expert communications." *Id.* (citation omitted). Accordingly:

> First, Rule 26(a)(2)(B)(ii) was amended to require disclosure of "facts or data," rather than "data or other information," considered by an expert witness in forming the opinions to be offered. The advisory committee intended this change to "limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel." . . . That said, the committee urged that the amendment be interpreted broadly to cover "any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert" . . .
>
> In addition, Rule 26(b)(4)(C) was added to provide work-product protection

---

Landowners the relief they seek. Practically speaking, the standards argued by Plaintiff and Landowners with respect to deposing attorneys are to some extent similar to the requirements of Rule 26. *See infra* note 2. It should be noted that all decisions cited by this Court were reached subsequent to the effective date of the amendments.

2

>against discovery into communications between expert witnesses and counsel. The new provision applies work-product protections to "communications between the party's attorney and [testifying expert], regardless of the form of the communications." . . . That said, the new provision withholds work-product protections from communications that
>
>>\*\*\*
>>
>>(ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>>
>>(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.
>
>. . . Communications that receive work-product protection are not discoverable unless the party seeking discovery "has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(a)(ii).

*Id.* (citations omitted).[2]

As for the exceptions enumerated in the above quotation, and which apply to the instant case,

>[t]he exception [under subpart (ii)] applies only to communications "identifying" the facts or data provided by counsel; further communications about the potential relevance of the facts or data are protected . . . . Under [subpart (iii)] discovery regarding attorney-expert communications is permitted to identify any assumption that counsel provided to the expert and that the expert relied upon in forming the opinions to be expressed . . . . This exception is limited to those assumptions that the expert actually did rely on in forming the opinions to be expressed.

*Graco, Inc. v. PMC Global, Inc.*, 2011 WL 666056, at \*10 (D. N.J. Feb. 14, 2011) (quoting advisory note).[3]

---

[2]This last-quoted language is akin to the factors argued by the parties in the motion papers, but which relate to the propriety of deposing counsel: (1) no other means exist to obtain the information; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the case.

[3]The United States Magistrate Judge in *Graco* quoted Fed. R. Civ. P. 26(b)(3)(B): "If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative

Finally,

> [c]oncerning attorney-expert communications, parties will rarely be able to make this showing [of substantial need and undue hardship to obtain by other means] "given the broad disclosure and discovery otherwise allowed regarding the expert's testimony." Fed. R. Civ. P. 26 advisory committee's note (2010 Amendments); *see also Moore v. R.J. Reynolds Tobacco Co*., 194 F. R. D. 659, 664 (S.D. Iowa 2000) (holding that counsel can effectively probe the reliability of an expert through normal cross-examination and testimony from other experts).

*Sara Lee Corp*., 273 F. R. D. at 421. *See also* Fed. R. Civ. P. 26(a)(2)(B) (expert's report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them").

At present, this Court is not concerned with the admissibility or credibility of the expert testimony under consideration. Those decisions are left for another day. Neither will the Court engage in an interpretation of what these experts said or meant. Rule 26 is the reason Landowners were able to examine these witnesses at great length[4] about communications between Mr. Wright and these witnesses. Plaintiff objected to questions also based on Rule 26. For example, in the deposition of Jerry Mask, the following exchange occurred:

> Q [by Landowners' counsel] All right. Tell me everything you said to him [Mr. Wright] and everything he said to you.
>
> A  Sir, I can't remember everything I said in a telephone conversation.
>
> Q Tell me everything you remember.

---

concerning the litigation."

[4]The deposition of Jerry Mask took place on June 14, 2011 and consists of more than 280 pages of testimony. [135]-1. It appears the deposition of Joe Parker lasted two days (June 7-8), and consists of more than 600 pages of testimony. [135]-2 through -6.

> [Plaintiff's counsel] I'm going to instruct him not to answer that question. *Unless he's going to identify facts or data that [the] government attorney provided and the expert considered or that identify assumptions counsel provided and the expert relied upon.*

[135]-1 at p. 20 of 96 (p. 78 of the deposition) (emphasis added).

Landowners take the Plaintiff and its experts, particularly Mr. Parker, to task about their testimony and the reports that have been submitted. The fact that they have those reports and that testimony means they were able to explore credibility through cross-examination and presumably will utilize other experts for the purpose of countering it. Moreover, the motion itself indicates that Landowners fully understand the assumptions and data the appraisers relied on in rendering their reports; they simply disagree with them. *See* para. 3 of [135] motion to compel. In any event, Landowners have failed to establish under all applicable provisions of Fed. R. Civ. P. 26 that they are entitled to depose Mr. Wright or that such a deposition is necessary.

Accordingly, **IT IS ORDERED**:

Landowners' [135] Motion to Compel Plaintiff to Produce Witness for Deposition is **DENIED**.

**SO ORDERED** this the 8th day of August.

s/Michael T. Parker
United States Magistrate Judge
